# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**DIANNE KHAN,**

     **Plaintiff,**

  **v.**                                                  **Case No. 26-CV-820**

**UNITED STATES, et al.,**

     **Defendants.**

---

### ORDER ON MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND SCREENING OF COMPLAINT

---

On May 8, 2026, Dianne Khan filed a *pro se* complaint against the United States, the United States Marshals Service, and John Doe. (Docket # 1.) Additionally, Khan filed a motion for leave to proceed without prepaying the filing fee (*in forma pauperis*). (Docket # 2.) Because I find that Khan is indigent for purposes of the federal *in forma pauperis* statute, her motion for leave to proceed without prepaying the filing fee will be granted. However, because it is clear Khan's complaint is untimely and was previously adjudicated, I recommend the complaint be dismissed.

### ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

In her request to proceed without prepaying the filing fee, Khan states that she is unemployed, single, and receives "SS" income in the amount of $1,322.00 per month. (*Id.* at 2.) Khan maintains that she pays $268.00 for rent, has a car loan balance of $4,000, and pays $204.00 for other household expenses. (*Id.*) Though it is unclear whether Khan's estimate includes her rent and household expenses, Khan indicates that her monthly expenses total $872.00 and that she provides some financial support for her son. (*Id.* at 3.) Khan states that she has $41.00 in a checking account and does not own any property. (*Id.*) Based on this information, I find Khan indigent for purposes of the federal *in forma pauperis* statute and will grant her motion.

I next turn to the question of whether Khan's complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id*. at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Because Khan is representing herself, I construe the

2

complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Khan's claims are not only untimely, but they have been adjudicated before in this Court. Khan alleges that on March 2, 2006 she was arrested by the United States Marshals Service and during the course of that arrest she was sexually assaulted. (Docket # 1 at 2–3.) She alleges that guns were drawn and that she was assaulted when one officer was fastening her seatbelt. (*Id.* at 2–3.) Khan presented this identical claim to the Court on March 14, 2014. *See Khan v. United States*, 2014 WL 4698738, Case No. 14-cv-285 (E.D. Wis. Sept. 18, 2014). The Court granted defendants' motion to dismiss and dismissed Khan's complaint with prejudice. *Id.*, 2014 WL 4698738, at *1. The Seventh Circuit affirmed. *Khan v. United States*, 808 F.3d 1169 (7th Cir. 2015).

*Res judicata*, or claim preclusion, "protects the finality" of final judgments and prevents parties from relitigating previously adjudicated claims. *McDonald v. Adamson*, 840 F.3d 343, 346 (7th Cir. 2016) (internal quotation omitted). Under the doctrine, "a subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999). Although claim preclusion is an affirmative defense, a court may raise an affirmative defense on its own if it is clear from the face of the complaint that the defense applies. *Borzych v. Frank*, 340 F. Supp. 2d 955, 966 (W.D. Wis. 2004) (citing *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002)).

There is no doubt that Khan complains of the same incident that was dismissed previously. The date of the prior allegations and the instant complaint are the same and she describes the same conduct. Further, the instant complaint includes several documents

3

showing that she has contacted various agencies and individuals over the years concerning the same March 2006 incident. (*See* Docket # 1-1.) She also includes one document that she seems to have been trying to send to Judge Adelman concerning the 2014 case. As such, Khan's complaint is barred by claim preclusion.

It is also clear from the face of the complaint that Khan's complaint, as the Court previously concluded, is barred by the statute of limitations. Claims under the Federal Tort Claims Act ("FTCA") must be presented to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). That two-year window has passed. As for any constitutional claim against John Doe under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), that claim is also untimely. Khan was arrested in Wisconsin, and Wisconsin's three-year statute of limitations for personal injury actions applies. Wis. Stat. § 893.53; *see King v. One Unknown Federal Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000). Accordingly, Khan's complaint is also untimely.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that Khan's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Khan's complaint be dismissed.

Dated at Milwaukee, Wisconsin this 29th day of May, 2026.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

4