UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIANNE KHAN,

        Plaintiff,

        v.

Case No. 26-cv-0820-bhl

UNITED STATES OF AMERICA, UNITED
STATES MARSHALS SERVICE and JOHN
DOE,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 8, 2026, Plaintiff Dianne Khan, proceeding without an attorney, filed a complaint against Defendants the United States, the United States Marshals Service, and John Doe.  (ECF No. 1.)  Khan also filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis*, which was granted.  (ECF Nos. 2 & 5.)  On May 29, 2026, Magistrate Judge Joseph recommended the matter be dismissed because Khan's claims were previously adjudicated and are untimely.  (ECF No. 4.)  Khan did not file any objections to Magistrate Judge Josephs's report and recommendation.  This case is now on referral for consideration of the magistrate judge's recommendation.

### ALLEGATIONS

Khan alleges that she was arrested by the United States Marshals Service on March 2, 2006, and that she was sexually assaulted during the course of that arrest.  (ECF No. 1 at 2–3.)  She alleges that guns were drawn and she was assaulted when one officer fastened her seatbelt.  (*Id*.)

### ANALYSIS

The Court will adopt Magistrate Judge Joseph's recommendation.  As Magistrate Judge Joseph notes, Khan's complaint is barred by claim preclusion because her claim related to this incident has already been adjudicated.  (ECF No. 4 at 3–4 (citing *McDonald* v. *Adamson*, 840 F.3d 343, 346 (7th Cir. 2016); *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999).)  Khan presented an identical claim to the Court on March 14, 2014.  *See Khan v. United States*, (*Khan I*) Case No.

14-cv-285, 2014 WL 4698738, (E.D. Wis. Mar. 14, 2014).  In that case, the Court granted defendants' motion to dismiss and dismissed Khan's complaint with prejudice.  *Id.*, 2014 WL 4698738, at *1.  The Seventh Circuit later affirmed.  *Khan v. United States*, (*Khan II)* 808 F.3d 1169 (7th Cir. 2015).

As Magistrate Judge Joseph also notes, Khan's complaint is barred by the statute of limitations.  (ECF No. 4 at 4.)  Khan's claims under the Federal Tort Claims Act have a two-year statute of limitations.  28 U.S.C. §2401(b).  Khan's other claims would be governed by Wisconsin's statute of limitations for personal injury actions, which, for events occurring before 2018, was six years.  *Khan II*, 808 F.3d at 1174; Wis. Stat. §§893.53.  Khan complains of events that occurred in 2006; this complaint is brought far too late.

The Magistrate Judge's report and recommendation are adopted, and the case is dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Joseph's Report and Recommendation, ECF No. 4, are adopted, and Khan's Complaint, ECF No. 1, is **DISMISSED with prejudice**.  The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 23, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge