DIANNE KHAN,

        Plaintiff,

        v.

UNITED STATES OF AMERICA, UNITED STATES MARSHALS SERVICE and JOHN DOE,

        Defendants.

Case No. 26-cv-0820-bhl

## ORDER DENYING MOTION FOR RECONSIDERATION

On March 8, 2026, Plaintiff Dianne Khan, proceeding without an attorney, filed a complaint against Defendants the United States, the United States Marshals Service, and a John Doe. (ECF No. 1.) Khan also filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis*, which was granted. (ECF Nos. 2 & 5.) On May 29, 2026, Magistrate Judge Joseph recommended the matter be dismissed because Khan's claims were previously adjudicated and are untimely. (ECF No. 4.) Khan did not file any objections and the Court adopted Magistrate Judge Joseph's report and recommendation on June 23, 2026. (ECF No. 6.) Khan now requests that the Court reconsider its order dismissing her case. (ECF No. 8.) The Court will deny Khan's motion.

### LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of judgment. Motions for reconsideration serve a limited purpose; they exist only to correct manifest errors of law or fact or present newly discovered evidence. *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). Manifest errors of law refer to the disregard, misapplication, or misidentification of controlling precedent. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). To succeed, the movant must present newly discovered evidence not previously available or identify evidence in the record that clearly establishes a manifest error of law or fact. *Miller v. Safeco Ins.*

*Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012).  Parties may not advance new arguments or theories that they should have made before the Court rendered a judgment, or present evidence that was available earlier.  *Id.* (citing *LB Credit Corp. v. Resolution Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

## ANALYSIS

As Magistrate Judge Joseph described in her report and recommendation, Khan's complaint is barred by claim preclusion because her claims related to this incident were already adjudicated.  (ECF No. 4 at 3–4 (citing *McDonald* v. *Adamson*, 840 F.3d 343, 346 (7th Cir. 2016); *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999).)  Khan presented an identical claim to the Court on March 14, 2014.  *See Khan v. United States*, (*Khan I*) Case No. 14-cv-0285, 2014 WL 4698738 (E.D. Wis. Mar. 14, 2014).  In that case, the Court granted defendants' motion to dismiss and dismissed Khan's complaint with prejudice.  *Id.* at *1.  The Seventh Circuit later affirmed. *Khan v. United States*, (*Khan II)* 808 F.3d 1169 (7th Cir. 2015).

Khan's request for reconsideration notes that she contacted the Marshals service in 2006, and that she has contacted multiple people to attempt to redress her injury, all without success. (ECF No. 8 at 1.)  She attaches letters from the Marshals Service, the offices of Congresswoman Gwen Moore and Senators Russel Feingold and Tammy Baldwin, and one of her treating providers.  (ECF No. 8-1.)  These documents do not change the fact that this claim was already adjudicated by this Court in 2014.  *See Khan I*, 2014 WL 4698738, at *1.  Khan is not entitled to reconsideration of the Court's order.


Accordingly,


**IT IS HEREBY ORDERED** that Khan's Motion for Reconsideration, ECF No. 8, is **DENIED**.

Dated at Milwaukee, Wisconsin, on July 15, 2026.


s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge